IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00331-BNB

D. BROWN,

     Plaintiff,

v.

R. THOMAS MOORHEAD, Honorable, and
EAGLE COUNTY DISTRICT COURT,

     Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, D. Brown, is a citizen of California who resides in Breckenridge, Colorado.  She initiated this action by filing a Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

Ms. Brown has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Complaint liberally because Ms. Brown is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as

an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the following reasons, this action will be dismissed.

Ms. Brown alleges in the Complaint that Defendant, the Honorable Thomas R. Moorhead, who is a judge for the Eagle County District Court, entered orders that failed to give full faith and credit to child custody orders and a domestic violence restraining order issued by a California state court. The California orders granted Plaintiff full custody of her children and prevented her husband, a police officer living in Breckenridge, Colorado, from having any contact with Plaintiff or their children. Ms. Brown asserts that the orders issued by Judge Moorhead were made without jurisdiction because the orders conflict directly with the orders previously issued by the California state courts. Plaintiff claims that Judge Moorhead failed to comply with the PKPA (Parental Kidnapping Protection Act), 28 U.S.C. § 1738a, and other federal statutes, the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), adopted in Colorado at COLO. REV. STAT. (C.R.S.) 14-13-201, *et seq.* (2013), and that Defendant also deprived Plaintiff of her Fourteenth Amendment due process rights. **I.**

**Subject Matter Jurisdiction**

The gravamen of Plaintiff's Complaint is a challenge to child custody and possibly other domestic relations orders issued by a state district judge. However, the *Rooker-Feldman*[1] doctrine prohibits "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983).

federal rights." *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (quotation omitted); *see also Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147 (10th Cir. 2004). The *Rooker-Feldman* doctrine also bars claims that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield*, 389 F.3d at 1147-48. "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148; *see also Mann v. Boatright,* 477 F.3d 1140 (10th Cir. 2007) (claim is "inextricably intertwined" with the state court judgment where success in federal district court would require court "to review and reject" that judgment).

In the Complaint, Ms. Brown asks this Court to enforce child custody and restraining orders issued by the California state courts. She asserts that the orders issued by Judge Moorhead in Colorado conflict with the California court orders. For Plaintiff to prevail on her claims, this Court would have to review, and ultimately reject, the order(s) issued by Judge Moorhead. Therefore, Ms. Brown's claims are subject to dismissal for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See Landrith v. Gariglietti*, No. 12-3048, 505 F. App'x 701, 702 (10th Cir. Dec. 7, 2012) (unpublished).

The Court further finds that, to the extent the order(s) issued by Judge Moorhead are not final because the proceeding is pending in the Colorado state appellate courts, or the time for filing an appeal has not yet expired, Ms. Brown's claims are subject to dismissal pursuant to the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S.

3

37 (1971).  That doctrine "requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982).  The Court of Appeals for the Tenth Circuit has consistently applied *Younger* to child custody cases.  *See Morkel v. Davis*, No. 11-4166, 513 F. App'x 724, 728 (10th Cir. March 15, 2013) (unpublished) (collecting cases).  Further, the resolution of child custody matters has been acknowledged as an important state interest. *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.") (internal quotation marks omitted)).  And, finally, Ms. Brown does not allege specific facts to show that the Colorado state court proceedings do not offer her an adequate opportunity to litigate any federal constitutional issues.  *See Middlesex Cnty. Ethics Comm.,* 457 U.S. at 431.  Accordingly, the Complaint will be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, or *Younger* abstention.

## II.  Eleventh Amendment Immunity

In addition to the jurisdictional defects, the Complaint suffers from other fatal infirmities.  Defendant Eagle County District Court is part of the Fifth Judicial District of Colorado.  *See* § 13-5-106, C.R.S.  In the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89,

4

100  (1984); *see also Ambus v. Granite Bd. of Educ.*, 975 F.2d 1555, 1559 (10th Cir.1992) ("Eleventh Amendment immunity extends to state agencies that act as arms of the state."); *Hunt v. Colorado Dep't of Corrections*, No. 07-1400, 271 F. App'x 778, 780 (10th Cir. March 28, 2008) (unpublished) (the State of Colorado and its agencies are immune from suit under § 1983 based on Eleventh Amendment immunity). Congress did not abrogate Eleventh Amendment immunity through § 1983, *see Quern v. Jordan*, 440 U.S. 332 (1979), and the State of Colorado has not expressly waived its sovereign immunity.  *See Greiss v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought.  *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).  Accordingly, even if the Court had jurisdiction over the Complaint, Defendant Eagle County District Court is an improper party based on the doctrine of Eleventh Amendment immunity.

## III.    Judicial immunity

Plaintiff's claims against Defendant, the Honorable R. Thomas Moorhead, are subject to dismissal based on the doctrine of judicial immunity.  Judges are absolutely immune from a civil rights suit based on actions taken in their judicial capacity, unless they acted in the clear absence of all jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).  Judicial immunity "is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11, or an assertion that the judge acted in error or exceeded his authority, *see Stump*, 435 U.S. at 1105.  Further, a judge acts in the clear absence of all jurisdiction only when he "acts clearly without any colorable claim of

5

jurisdiction." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir.1990).

Ms. Brown does not state any facts to indicate that Judge Moorhead was acting outside of his judicial capacity.  Issuing orders is clearly a judicial function. Furthermore, with one exception, the Complaint is devoid of factual allegations to show that Defendant Moorhead acted in the absence of subject matter jurisdiction when he allegedly violated various federal and state statutes and Plaintiff's Fourteenth Amendment procedural and substantive due process rights.  As discussed above, the state district courts generally have jurisdiction over domestic relations matters. *See Ankenbrandt*, 504 U.S. at 703; *see also Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern.").

The Court is unable to ascertain from the allegations of the Complaint whether Judge Moorhead's order(s) complied with the jurisdictional prerequisites of the UCCJEA, as adopted in Colorado.  Conflicts between the states concerning child custody are resolved in the state courts pursuant to the UCCJEA, 9 U.L.A. §§ 1-28 (1979), which prescribes uniform standards for deciding which State can make a custody determination and obligating States adopting the Act to enforce the determination made by the State with proper jurisdiction.  *Thompson v. Thompson*, 484 U.S. 174, 181, 187 (1988) (recognizing that the PKPA does not create an implied cause of action in federal court to determine which of two conflicting state custody decrees is valid; instead, such disputes are resolved under the UCCJEA).  The Colorado General Assembly has adopted the provisions of and comments to the UCCJEA. *See* §§ 14-13-101, *et seq.*, C.R.S. (2013).  Section 14-13-206(1), C.R.S., provides:

Except as otherwise provided in section 14-13-204, a court of this state

6

may not exercise its jurisdiction under this part 2 if, at the time of the
commencement of the proceeding, a proceeding concerning the custody
of the child has been commenced in a court of another state having
jurisdiction substantially in conformity with this article, unless the
proceeding has been terminated or is stayed by the court of the other
state . . .

It is not clear from the allegations of the Complaint, or the attachments thereto,

whether Judge Moorhead entered or modified the California child-custody determination

in the absence of subject matter jurisdiction.  However, as discussed above, the Court

lacks jurisdiction to review any state court orders affecting child custody pursuant to the

*Rooker-Feldman* doctrine or *Younger* abstention.  Accordingly, it is

ORDERED that the Complaint filed by Plaintiff, D. Brown, and this action are

DISMISSED without prejudice for lack of subject matter jurisdiction, pursuant to the

*Rooker-Feldman* doctrine, or, if applicable, *Younger* abstention.

DATED at Denver, Colorado, this __10th__ day of ___March_____, 2014.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court